IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Francisco Ballestero-Lezcano,  )
          Petitioner,  )  No. CIV 06-1729-PHX-NVW (DKD)
vs.  )
                )  **ORDER**
Philip Crawford, et al.,  )
         Respondents.  )

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

On July 12, 2006, Francisco Ballestero-Lezcano filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that immigration officials are holding him in detention pending his removal to Nicaragua, but that his removal cannot be effected. He argues that he is entitled to immediate release from custody because his indefinite detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons stated below, the Court recommends that Ballestero-Lezcano's petition be denied.

Ballestero-Lezcano is a native and citizen of Nicaragua, who entered into the United States without inspection near San Ysidro, California, "on or about May 18, 1981" (Doc. #10, Exh 1, 2).[1] The Department of Homeland Security (DHS) issued a Notice to Appear on

---

[1] DHS records indicate May 18, 1981 as Ballestero-Lezcano's date of birth. However, he does not suggest in his petition that he is a citizen of the United States.

1  September 19, 2005, charging Ballestero-Lezcano with removal as an alien present in the United
2  States without having been admitted or paroled, and having been convicted of a crime involving
3  moral turpitude (*Id.*, Exh 2).  DHS alleged that he had been convicted in the California Superior
4  Court of Grand Theft Auto, in violation of § 487(d)(1) of the California Penal Code, and
5  sentenced to 16 months' imprisonment (*Id.*, Exh 3).

6  At the request of DHS, the crime of moral turpitude was held in abeyance; Ballestero-
7  Lezcano admitted the allegations, conceded the entry without inspection charge, and expressed
8  a fear of returning to Nicaragua.[2]  The charge was sustained, Ballestero-Lezcano was given an
9  application for asylum, the case was rescheduled twice to allow him to submit his application,
10 and that he was specifically warned that the failure to submit the application at the next court
11 date would result in a finding that the application was abandoned, and he would be ordered
12 removed to Nicaragua.[3]  Although he submitted his application at the next court date, the
13 immigration judge deemed it abandoned, and ordered him removed.  Both parties waived appeal
14 (*Id.*, Exh 4).

15 Following an interview with the Nicaraguan Consulate on December 6, 2005, during
16 which it was determined that Ballestero-Lezcano could not verify his citizenship, the vice
17 consul concluded that it would take three to five months to research his identity in Nicaragua
18 (*Id.*, Exh 5).  On February 8 and April 26, 2006, he was re-interviewed by the vice consul; in
19 the latter interview and again on May 24, 2006, Ballestero-Lezcano was informed that a copy
20 of his birth certificate had been ordered, and that the consulate would issue travel documents
21 once it was received.  On July 13, detention was continued based upon his criminal convictions
22 and the likelihood of his removal (*Id.*, Exh 6).  On September 15, the Nicaraguan Consulate

---

[2] Although Respondents do not document this statement, Ballestero-Lezcano does not contest it.

[3] Although Respondents do not document this statement, Ballestero-Lezcano does not contest it.

indicated that they had received Ballestero-Lezcano's birth certificate.[4] In a September 18 declaration, a deportation officer indicated the consulate's intent to issue travel documents and that he expected Ballestero-Lezcano to be removed "within the next several weeks" (*Id*., Exh 7).

DHS is authorized to detain an alien for a period reasonably necessary to accomplish his removal from the United States. *Zadvydas*, 533 U.S. at 701. Following the six-month presumptive period authorized in *Zadvydas*, Ballestero-Lezcano must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Id.* Respondents contend that Ballestero-Lezcano has failed to do this, and in addition has refused to cooperate in his removal, citing 8 U.S.C. § 1231(a)(1)(C). The Court agrees with Respondents that Ballestero-Lezcano has shown no evidence that he requested travel documents, and the evidence does show that he claimed to have no identification documents or relatives able to assist in providing documentation. Finally, Respondents produced evidence over the past two years of more than 1100 aliens repatriated to Nicaragua, and the Nicaraguan Consulate's intent, in this particular case, to issue travel documents. *See* Doc. #10, Exh 7.

**IT IS RECOMMENDED** that Petitioner Francisco Ballestero-Lezcano's petition for writ of habeas corpus be **DENIED** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to any factual determinations of the

---

[4]Although Respondents do not document this statement, Ballestero-Lezcano does not contest it.

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 17th day of October, 2006.

_____
David K. Duncan
United States Magistrate Judge